(Pleito No. 167.—Fallado el 11 de Enero de 1902.)

FERNÁNDEZ contra CASANOVA.

COMPETENCIA entablada entre los Jueces Municipales de
Caguas y Mayagüez.

1.—COMPETENCIA DE CORTES MUNICIPALES.  A falta de pacto expreso en con-
trario, la obligación de pagar el precio de géneros de comercio, vendidos al
por menor, debe cumplirse en el mismo lugar donde se halle el estableci-
miento ó tienda en que se compraron, y en las acciones personales que se
ejerciten con tal motivo es competente el Juez del lugar en que deba cum-
plirse la obligación, con preferencia al del domicilio del demandado, á no
mediar sumisión expresa ó tácita.

2.—COMPETENCIA DE LA CORTE SUPREMA.  La decisión de competencias promo-
vidas por inhibitoria, corresponde única y exclusivamente á la Corte Su-
prema, debiendo las Cortes inferiores remitir las actuaciones á la Suprema,
aun después de terminado el asunto por auto ó sentencia firme, siempre
que la inhibitoria se hubiere promovido con anterioridad.

SENTENCIA.

En la Ciudad de San Juan Bautista de Puerto Rico, á
once de Enero de mil novecientos dos, en la competencia
pendiente ante Nos, promovida por el Juez municipal de
Caguas al de igual clase de Mayagüez, sobre conocimiento
de la demanda en juicio verbal deducida ante éste por los
Sres. J. Fernández y Cª, en liquidación, del comercio de la
última Ciudad citada, con Doña Emilia Casanova de Moli-
na, y en su defecto contra su legítimo esposo Don José Mo-
lina y Muñoz, en su carácter de representante legal de la

misma, sobre pago de pesos, habiéndose personado en este Tribunal solamente el Letrado Don Tomás Bernardini á nombre de Don José Molina con la representación que ostenta.—Resultando: Que los Sres. J. Fernández y Cª, en liquidación, vecinos y comerciantes de la Ciudad de Mayagüez, formularon en nueve de Mayo último ante el Juzgado municipal· de la misma, demanda de juicio verbal contra Doña Emilia Casanova de Molina, residente en Caguas, y en su defecto, así dice, contra su legítimo esposo Don José Molina y Muñoz, en su carácter de representante legal de la misma, para que le abonase la cantidad de ciento diez y siete pesos, ochenta y dos centavos, oro americano, procedentes de mercancías tomadas en el establecimiento del actor, y acompañó un extracto de cuenta corriente en la que aparece como saldo á su favor la suma reclamada. — Resultando: Que, librado el oportuno exhorto al Juzgado municipal de Caguas para la citación de la demandada, acudió ésta á dicho Juzgado con escrito de quince de Mayo del año anterior, suplicando que se requiriese de inhibición al Juzgado municipal de Mayagüez, y acompañó una certificación expedida por el Secretario del Ayuntamiento y visada por el Alcalde de Caguas, creditiva de que Don José Molina y su esposa, la demandada, habitan en dicha Ciudad desde el cuatro de Mayo de mil ochocientos noventa y nueve, expresándose en el cuerpo del artículo inhibitorio que las provisiones que recibió de la casa demandante eran por orden de su esposo, que en ese tiempo fué tenedor de libros de dicha casa,·y el Juzgado de Caguas, de conformidad con el Fiscal municipal, declaró haber lugar á la inhibición por ser Caguas el domicilio de la parte demandada.—Resultando: Que impugnada ésta ante el Juzgado Municipal de Mayagüez, entre otras razones, por tratarse de compra de efectos mercantiles llevada á cabo con la Sociedad J. Fernández y Cª, en el establecimiento de éstos, que gira en dicha Ciudad, el Juéz, de conformidad igualmente con el Fiscal municipal, se negó á elevar las actuaciones á este Tribunal Supremo, porque, según expresa,

los documentos de que se valió el Juzgado de Caguas para interponer la competencia en tiempo, eran nulos, y cuando se subsanaron los defectos ya se había dictado sentencia firme en el juicio verbal ocasional de la competencia. —Resultando: Que el Juez de Caguas remitió las actuaciones y no así el de Mayagüez, á quien se reclamó el juicio verbal, y lo remitió con oficio de veinte y ocho de Octubre del año último, y se sustanció la competencia con arreglo á derecho, oyéndose al Fiscal de este Tribunal.—Visto: Siendo Ponente el Juez Asociado Don José Mª Figueras Chiqués.— Considerando: Que para los efectos de esta competencia, no puede afirmarse que el asunto principal estaba terminado, porque habiendo promovido la inhibitoria Doña Emilia Casanova de Molina en el Juzgado municipal de Caguas antes que el de Mayagüez dictara sentencia en el juicio verbal, es claro que el último no pudo escudarse con el artículo 76 de la Ley de Enjuiciamiento Civil.—Considerando: Que la decisión de esta clase de competencias corresponde única y exclusivamente á este Tribunal Supremo, y el Juez requerido puede negarse á la inhibición, consignando las razones en que se funde, cualesquiera que ellas sean, pero sustanciada la competencia y sometiéndose á la decisión del único Tribunal llamado por la ley á dirimir el conflicto.—Considerando: Que según la regla 1ª del artículo 62 de la Ley de Enjuiciamiento Civil, en los juicios en que se ejerciten acciones personales, á cuya clase pertenece la ejercitada en el de que se trata, á falta de sumisión expresa ó tácita de las partes, es competente el Juez del lugar en que deba cumplirse la obligación, con preferencia al del domicilio del demandado.—Considerando: Que á falta de pacto expreso en contrario, la obligación de pagar el precio de géneros de comercio vendidos al por menor, debe cumplirse en el mismo lugar donde se halle el establecimiento ó tienda en que se ocuparon, según así lo ha declarado ya este Tribunal Supremo, y ha sido la jurisprudencia última del Tribunal Supremo de España.—Considerando:

Que por existir en la Ciudad de Mayagüez el establecimiento de comercio del demandante, donde la demandada Doña Emilia Casanova ó su esposo Don José Molina compró las provisiones, único concepto atendible para los efectos de la competencia, es evidente que la obligación reclamada de pagar el precio debe cumplirse en Mayagüez.—Fallamos: Que debemos declarar y declaramos que es Juez competente para conocer de esta demanda el Juez municipal de Mayagüez, á quien se remitan todas las actuaciones, poniéndolo en conocimiento del de Caguas, siendo de cuenta respectiva de las partes las costas causadas; y se reserva á la demandada el derecho á que pueda asistirle sobre nulidad de actuaciones, para que la ejercite, si le conviniere, en el juicio verbal de los Sres. J. Fernández y Cª, en liquidación.—Así por esta nuestra sentencia, que se publicará en la *Gaceta Oficial*, lo pronunciamos, mandamos y firmamos.

José S. Quiñones.—José C. Hernández.—José Mª Figueras. Louis Sulzbacher.—J. H. McLeary.

Publicación.—Leída y publicada fué la anterior sentencia por el Sr. Juez Asociado del Tribunal Supremo Don José Mª Figueras Chiqués, celebrando audiencia pública dicho Tribunal en el día de hoy, de que como Secretario certifico, en Puerto Rico á once de Enero de mil novecientos dos.— E. de J. López Gaztambide, *Secretario*.